**Zhun Zhong XEA, aka Cun Zhong Xue, Petitioner,**

v.

**John D. ASHCROFT, Attorney General, Respondent.**

No. 01–71833.

INS No. A76–279–674.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 19, 2002.

Before HUG, O'SCANNLAIN and TASHIMA, Circuit Judges.

## MEMORANDUM **

Zhun Zhong Xea, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's denial of his application for asylum and withholding of removal, and his claim for relief under Article 3 of the United Nations Convention Against Torture ("Convention Against Torture"). We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's credibility findings for substan-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tial evidence and uphold an adverse credibility finding unless the evidence compels a contrary result. *Singh–Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir.1999). We deny the petition.

The inconsistencies in the record go to the heart of Xea's asylum claim. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). The BIA's adverse credibility determination and its conclusion that Xea is ineligible for asylum is therefore supported by substantial evidence. *See id.*

In failing to qualify for asylum, Xea necessarily failed to satisfy the more stringent standard for withholding of removal. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

Because Xea did not present evidence establishing that it is "more likely than not that he ... would be tortured if removed" to China, the BIA properly rejected his claim under the Convention Against Torture. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Murillo–Mondragon's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.