Artemio NAHUI–ORTEGA, Petitioner,

v.

John D. ASHCROFT, Attorney General, Respondent.

No. 02–73920.
INS No. A73–944–523.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 28, 2003.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, HAWKINS and RAWLINSON, Circuit Judges.

### MEMORANDUM**

Artemio Nahui–Ortega, a native and citizen of Peru, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an Immigration Judge's denial of his application for asylum and withholding of deportation, and relief under the Convention Against Torture. Because the transitional rules apply, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review an adverse credibility finding for substantial evidence, *Singh–Kaur v. INS,* 183 F.3d 1147, 1149–

50 (9th Cir.1999), and we deny the petition for review.

The IJ based its adverse credibility finding on inconsistencies in Nahui–Ortega's testimony that went to the heart of his claim, and on Nahui–Ortega's demeanor and "completely and inherently incredible" description of his alleged persecution. The record does not compel the conclusion that Nahui–Ortega's testimony was credible. *See id.*

Nahui–Ortega also failed to demonstrate that he did not participate in the persecution of others while involved with the Sendero Luminoso movement in Peru, making him statutorily ineligible for asylum. *See* 8 U.S.C. § 1101(a)(42)(B); *Al–Harbi v. INS,* 242 F.3d 882, 885 n. 2 (9th Cir.2001) ("refugee" does not include any person who participated in the persecution of others on account of a protected ground). Accordingly, Nahui–Ortega failed to establish eligibility for asylum or withholding of deportation. *See Singh–Kaur v. INS,* 183 F.3d at 1149–50; *Al–Harbi,* 242 F.3d at 885 n. 2.

Substantial evidence supports the IJ's conclusion that Nahui–Ortega is not entitled to relief under the Convention Against Torture because he did not demonstrate that it is more likely than not that he will be tortured upon return to Peru if he is deported. *See* 8 C.F.R. § 208.16; *Kamalthas v. INS,* 251 F.3d 1279, 1282 (9th Cir.2001).

### PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.