**Nayanananda Ratnayake MUDALIGE, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70766.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2004.*

Decided May 26, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Judith L. Wood, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, Stephanie R. Marcus, United States Department of Justice, Washington, DC, for Respondent.

Before: O'SCANNLAIN, SILER,** and HAWKINS, Circuit Judges.

MEMORANDUM ***

Nayanananda Ratnayake Mudalige ("Ratnayake"), a native and citizen of Sri Lanka, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmation of the Immigration Judge's ("IJ") order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Ratnayake claims that he

---

** The Honorable Eugene E. Siler, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

was persecuted and tortured while in Sri Lanka on account of his political and humanitarian opinions.

 Noting that he likely did not have "sufficient, specific, cogent reasons" for finding Ratnayake's testimony incredible, the IJ nonetheless made an explicit adverse credibility determination by discounting Ratnayake's story of kidnaping and torture by the Liberation Tigers of Tamil Elom ("LTTE")-the heart of Ratnayake's claim of past persecution. The IJ based this adverse credibility determination on his own personal speculation regarding the effect of sustained blood loss on someone of Ratnayake's physique:

> [T]he Court finds it extremely unlikely and not plausible or credible that if as much as two liters of blood ... was drawn from the respondent over a four day period and during those four days and the next two days he was given only one pint of water each day and one half pound of bread each day, it is inconceivable that the respondent, who does not appear to be physically fit and is somewhat overweight, that after undergoing this ordeal for six days, he would have had the ability to walk undetected for approximately two hours to a road and then an additional 45 minutes after getting to the road for a total of nearly three hours.

Nothing in the record, in the way of medical testimony or documentary evidence, supports this speculation. It is an untenable ground for an adverse credibility finding, and we therefore take the testimony with regard to these events as true. *See Salaam v. INS*, 229 F.3d 1234, 1239 (9th Cir.2000).

 Taking into account Ratnayake's uncontradicted kidnaping and torture by the LTTE, specific and disturbing evidence in the record compels the conclusion that Ratnayake was persecuted in Sri Lanka by a group the Sri Lankan government was unable to control on account of his political and humanitarian opinions. The government did not even attempt to rebut this presumption of a well-founded fear, failing to put on any evidence that circumstances have changed in a way that would allow Ratnayake to safely return to Sri Lanka. *See Baballah v. Ashcroft*, 335 F.3d 981, 992 (9th Cir.2003).

 We therefore grant Ratnayake's petition for review with respect to his asylum application. If Ratnayake is nonetheless denied this discretionary relief by the Attorney General, the case should be remanded to the IJ for factual findings on the withholding and CAT claims, as the IJ's findings with regard to these claims were conclusory and based solely on the adverse credibility determination in the asylum context. *See Li v. Ashcroft*, 356 F.3d 1153, 1161 (9th Cir.2004). *See also Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001).

The Petition for Review is GRANTED.