Tito Ledesma ARANETA;
et al., Petitioners,

v.

John ASHCROFT, Attorney
General,* Respondent.

No. 03–71247.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2004.**

Decided July 21, 2004.

---

* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Roman P. Mosqueda, Esq., Los Angeles, CA, for Petitioners.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jocelyn Lopez Wright, Louis J. Ruffino, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM ***

Husband and wife Tito Ledesma Araneta and Ma Merla Cantones Araneta, and their children Ma Melissa Anna Cantones Araneta and Nina Andrea Cantones Araneta, natives and citizens of the Philippines, petition for review of a decision of the Board of Immigration Appeals ("BIA") dismissing an appeal from an immigration judge's ("IJ") denial of their applications for asylum and withholding of deportation, and denying a motion to remand to apply for relief under the Convention Against Torture ("CAT"). Because the transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We grant in part and deny in part the petition for review.

■ To the extent petitioners base their claims for relief on events which took place in the 1980's, substantial evidence supports the IJ's determination that petitioners' current fear of future persecution is not well-founded in light of the fact that petitioners went unharmed for almost nine years after they relocated to another part of the Philippines. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1069 (9th Cir.2003) (explaining that plausible internal relocation may be considered in determining whether a fear of future persecution is well-founded); *Cuadras v. U.S. INS*, 910 F.2d 567, 571 (9th Cir.1990).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

To the extent petitioners' claims for relief arise from events which took place in the 1990's, after petitioners relocated to another part of the Philippines, substantial evidence supports the IJ's determination that petitioners failed to demonstrate that the alleged persecution was either on account of an enumerated ground, or was related to the alleged persecution that took place in the 1980's. *See Sangha v. INS*, 103 F.3d 1482, 1486–87 (9th Cir.1997) (explaining that petitioner has the burden of demonstrating a causal connection between persecution and protected ground).

Although the IJ considered and denied petitioners' request for CAT relief, the BIA construed petitioners' appeal of that decision as a motion to remand to the IJ to apply in the first instance for CAT relief. Petitioners in fact sought remand for reconsideration of their CAT claim in light of changed country conditions.

In any event, we conclude that the IJ improperly conflated the requirements for CAT relief with the requirements for asylum and withholding of. deportation. *See Kamalthas v. INS*, 251 F.3d 1279, 1282–85 (9th Cir.2001) (explaining that CAT relief, unlike asylum and withholding, is not predicated upon torture *on account of an enumerated ground* ). We therefore remand for an independent and thorough analysis of petitioners' eligibility for CAT relief. *See Lopez v. Ashcroft*, 366 F.3d 799, 805–07 (9th Cir.2004).

**PETITION FOR REVIEW GRANTED in part and DENIED in part; REMANDED.**