**Nirmal Singh SIDHU, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73130.
Agency No. A75–301–639.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 21, 2004.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Paul Fiorino, David Dauenheimer, U.S. Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

### MEMORANDUM**

Nirmal Singh Sidhu, a native and citizen of India, petitions for review of a Board of Immigration Appeals' ("BIA") decision summarily affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the findings unless the evidence compels a contrary result. *Taha v. Ashcroft*, 362 F.3d 623, 626 (9th Cir.2004). We deny the petition for review.

■ Substantial evidence supports the IJ's adverse credibility finding because there were material discrepancies between Sidhu's asylum affidavit and his testimony. *See Taha*, 362 F.3d at 627–28. Accordingly, Sidhu failed to establish his eligibility for asylum and withholding of removal. *See id.* at 628 n. 3.

Substantial evidence supports the BIA's conclusion that the petitioner failed to show that it was more likely than not that he would be tortured upon returning to India, and therefore was not entitled to CAT relief. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001).

The BIA's decision to streamline Sidhu's case was appropriate because the issues it raised were clearly controlled by existing

Patrick O. Cantor, Esq., Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA,

---

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

precedent. *Cf. Chong Shin Chen v. Ashcroft,* 378 F.3d 1081, 1086 (9th Cir.2004).

 Pursuant to *Desta v. Ashcroft,* 365 F.3d 741, 749 (9th Cir.2004), Sidhu's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was not opposed by the government, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.