Mihan SINGH, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–72032.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Submitted Oct. 14, 2004.*

Decided Oct. 29, 2004.

Earle A. Sylva, Esq., Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Genevieve Holm, Esq., Genevieve Holm, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Mihan Singh, a native and a citizen of India, petitions for review of a decision of the Board of Immigration Appeals ("BIA"), affirming the immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and protection under the Convention against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Because the BIA adopted and incorporated the IJ's reasoning, we review the IJ's decision as the final agency determination. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001). We review the IJ's adverse credibility determination under a substantial evidence standard. *See Andriasian v. INS,* 180 F.3d 1033, 1040 (9th Cir.1999). We deny Singh's petition.

■ Substantial evidence—including Singh's confused and contradictory testimony about the elections he participated in as a member of the Akali Dal (Mann) party—supports the IJ's determination that Singh's testimony lacked credibility. Although corroborative documentation is not usually required, the IJ did not err in requesting it where Singh's credibility was already under question. *See Sidhu v.*

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*INS,* 220 F.3d 1085, 1092 (9th Cir.2000). Substantial evidence supports the IJ's determination that the documents offered in corroboration were either not credible or not sufficient. In sum, we cannot say that Singh has demonstrated that "no reasonable factfinder could fail to find [that Singh was credible]." *Elias–Zacarias v. INS,* 502 U.S. 478, 484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We conclude that substantial evidence supports the IJ's decision that Singh did not qualify for asylum.

■ In failing to qualify for asylum, Singh necessarily did not qualify for withholding of removal, given its more exacting standard. *See Ghaly v. INS,* 58 F.3d 1425, 1428–29 (9th Cir.1995). Because Singh did not show that it is more likely than not that he would be tortured upon return to India, Singh also did not qualify for protection under the Convention Against Torture. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**