**Mehrzad FOTOOHIGHIAM; Misagh Khoshnevisrad; Milad Khoshnevisrad, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70126.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2004.

Decided Nov. 5, 2004.

Before: B. FLETCHER, HANSEN,* and RAWLINSON, Circuit Judges.

MEMORANDUM **

Mehrzad Fotoohighiam and her two children, Misagh and Milad Khoshnevisrad,

---

* The Honorable David R. Hansen, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

natives and citizens of Iran, petition for review of a decision by the Board of Immigration Appeals ("BIA") denying their application for relief under the Convention Against Torture ("CAT"), 8 C.F.R. § 1208.16(c). We have jurisdiction pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), § 309(c)(4) (1996).[1] We deny the petition for review.

Fotoohighiam's CAT claim is based on the Iranian government's alleged interest in her husband, Ali Khoshnevisrad. Khoshnevisrad was reported to the Iranian government after being observed drinking beer, contrary to Muslim teachings. Fotoohighiam asserts that he was thereafter considered by the government to be a bad Muslim. She testified that, as punishment, he was harassed almost daily, fired from his job, forced to grow a beard and pray in public five times a day, sent to the Iran/Iraq war, and arrested and imprisoned on two occasions. He no longer resides in Iran. Fotoohighiam also asserts that she was threatened and physically assaulted by government authorities and that her children were traumatized after witnessing the abuse. The authorities also threatened to put Fotoohighiam's father, who lived in an apartment in the same building, in prison. Fotoohighiam testified that her parents are now permanent residents of the United States but that they still spend several months a year in Iran. When in Iran, they reside in the same apartment that Fotoohighiam had occupied in Tehran. She testified that her parents are questioned from time to time about her whereabouts but said that the authorities have not otherwise harassed or persecuted her parents.

The Immigration Judge ("IJ") concluded that Fotoohighiam and her children had not shown the court that they qualified for CAT relief, based on his finding that her testimony was not credible and on the fact that, although her parents were often in Iran for four to five months of the year, there was no evidence that her parents had ever been harmed or threatened. The BIA affirmed, stating that it "agree[d] with the Immigration Judge that, even assuming the lead respondent's credibility," the petitioners did not prove that it was more likely than not that they would be tortured if returned to Iran. (Admin. R. at 8.)

An alien is eligible for relief under the CAT upon sufficient proof that it is more likely than not that he or she would be tortured if removed to the proposed country of removal. 8 C.F.R. § 1208.16(c)(2); *Zheng v. Ashcroft,* 332 F.3d 1186, 1194 (9th Cir.2003). The burden of proof is on the petitioner, *id.,* and this court reviews the denial of relief under the CAT for substantial evidence on the record as a whole, *Singh v. Ashcroft,* 351 F.3d 435, 442 (9th Cir.2003). "The court will reverse only if the evidence is so compelling that no reasonable fact finder could have failed to find the requisite likelihood of torture." *Id.* (citation omitted).

Credibility determinations aside, we conclude that substantial evidence supports the conclusion that Fotoohighiam did not carry her burden of proof; she did not show that it was more likely than not that she would be tortured if removed to Iran. The IJ clearly stated that he found the testimony about her parents most damaging to her claim. Fotoohighiam's father was also threatened, but he nevertheless visits Iran for several months of the year

---

1. The transitional rules apply "to cases in which a final deportation or exclusion order was filed after October 30, 1996, and which were pending before April 1, 1997." *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997); *see also* IIRIRA § 309(c)(4).

without being tortured or threatened with torture. When reviewing asylum petitions, "[t]his court has allowed ongoing family safety to mitigate a well-founded fear, particularly where the family is similarly situated to the applicant and thus presumably subject to similar risk." *Lim v. INS,* 224 F.3d 929, 935 (9th Cir.2000) (citations omitted); *see also Aruta v. INS,* 80 F.3d 1389, 1395 (9th Cir.1996); *Rodriguez–Rivera v. INS,* 848 F.2d 998, 1006 (9th Cir.1988). This reasoning also applies to CAT claims, because the CAT's reach is narrower than that of asylum in that a petitioner seeking CAT relief must show that it is more likely than not that she will be tortured. *Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001).

The government argued in its brief that this court lacks jurisdiction to address the merits of the CAT claim because it asserts that the agency never reached the merits of the claim, and instead disposed of the claim on adverse credibility grounds. We disagree. The BIA decided that (1) Fotoohighiam was not credible; and (2) even if credible, Fotoohighiam did not qualify for CAT relief. This court is not deprived of jurisdiction to review the merits of a claim where the agency did consider the substantive issue of whether the petitioner was entitled to relief. *Guo v. Ashcroft,* 361 F.3d 1194, 1204 (9th Cir.2004); *Li v. Ashcroft,* 356 F.3d 1153, 1161 n. 7 (9th Cir. 2004) (en banc).

We also reject Fotoohighiam's contention that the BIA adopted a finding that the IJ did not make when the BIA "agreed" with the IJ that "even assuming" credibility, Fotoohighiam did not qualify for CAT relief. While the IJ did not use the language "even assuming credibility," the IJ nevertheless clearly stated that Fo-

toohighiam did not qualify for CAT relief because she had not shown that it is more likely than not that she or her children would be subject to torture in Iran. Finally, we reject Fotoohighiam's contention that the IJ improperly considered a damaging letter in rendering his decision. This court lacks jurisdiction to review this issue because the petitioners did not raise it before the BIA. *Ochave v. INS,* 254 F.3d 859, 867 n. 3 (9th Cir.2001).

Because the evidence was not so compelling that a reasonable fact finder could not have failed to find the requisite likelihood of torture, we deny the petition for review.

**PETITION DENIED.**