**Kuljitpal SINGH DHILLON, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73992, A72–126–393.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

George T. Heridis, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Emily A. Radford, Aviva L. Poczter, Washington, DC, for Respondent.

Before GOODWIN, ALARCÓN, and TROTT, Circuit Judges.

## MEMORANDUM**

Kuljitpal Singh Dhillon, a citizen of India, petitions for review of the Board of Immigration Appeals' denial of his claim for asylum, withholding of deportation, and relief under the Convention Against Torture.[1] We deny the petition.

The BIA's determination that an alien is not eligible for asylum must be upheld if " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (citation omitted). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

Where an asylum claim is involved, an alien must show either past persecution or a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Fisher v. INS,* 79 F.3d 955, 960 (9th Cir.1996) (en banc). And the claimed persecution must be on account of one of the grounds set forth in 8 U.S.C. § 1101(a)(42)(A). *See id.* at 962.

■ The evidence in this case does not compel the holding that the harm inflicted upon Dhillon was on account of his religion or political opinion. *See Elias–Zacarias,* 502 U.S. at 482–83, 112 S.Ct. at 816; *Ochave v. INS,* 254 F.3d 859, 866 (9th Cir.2001); *Molina–Morales v. INS,* 237 F.3d 1048, 1051–52 (9th Cir.2001). While Dhillon testified that the men arrested with him were also Sikh members of the All India Sikh Student Federation, Dhillon did not present compelling evidence that his religion or his membership in the organization was the cause of his arrest, beating, or two-hour detention. Hence, the BIA could properly decide the Punjab police arrested him solely for reasons unrelated to his religion or political beliefs. *See Al–Saher v. INS,* 268 F.3d 1143, 1145–46 (9th Cir.2001).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, G.A. Res. 39/46, U.N. GAOR, 39th Sess., Supp. No. 51, U.N. Doc. A/RES/39/46 (1984).

Moreover, the BIA and IJ did not err when they determined that Dhillon was not entitled to relief under the Convention Against Torture.[2] On this record, we cannot say that Dhillon has demonstrated that it is more likely than not that he would be tortured if he returned to India. *See* 8 C.F.R. § 208.16(c)(2); *Kamalthas v. INS*, 251 F.3d 1279, 1282–84 (9th Cir.2001).

Petition DENIED.[3]

---

2. The government argues that Dhillon waived the CAT issue by failing to argue it to the BIA. This, however, is not the case.

3. Because Dhillon did not meet the eligibility requirements for asylum, he was not entitled to withholding of deportation either. *See Ghaly*, 58 F.3d at 1429.

