**Segundo Fermin Villena PERALES,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

**No. 03–73743.**

**Agency No. A75–749–087.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 16, 2004.

Raul E. Godinez, Law Office of Raul E. Godinez, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Earle B. Wilson, Efthimia S. Pilitsis, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

### MEMORANDUM **

Segundo Fermin Villena Perales, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the denial of asylum for substantial evidence and may reverse only if the evidence compels a contrary conclusion. *Lata v. INS*, 204 F.3d 1241, 1244–45 (9th Cir.2000). We deny the petition.

█ Substantial evidence supports the IJ's finding that petitioner failed to establish past persecution or a well-founded fear of future persecution. Because anonymous threatening phone calls and traffic incidents committed by unknown assailants fail to establish past persecution or a well-founded fear of future persecution, petitioner's asylum claim fails. *See Lim v. INS*, 224 F.3d 929, 936–37 (9th Cir.2000) (holding that threats against a former police officer where neither he nor his family were harmed and they remained in the Philippines for six years after the threats began did not constitute past persecution); *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir.2003) (holding alien did not show a well-founded fear of future persecution since possibility of such persecution was too speculative).

Because petitioner failed to establish eligibility for asylum, it follows that he failed

to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

█ In addition, petitioner does not make out a CAT claim because he failed to demonstrate it was more likely than not that he would be tortured if he returned to Peru. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001).

Petitioner's argument that the BIA improperly applied the streamlining procedures to this case is also foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 855 (9th Cir.2003) (stating that where "we can reach the merits of the decision by the IJ or the BIA, an additional review of the streamlining decision itself would be superfluous.").

### PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.