Maria Socorro GONZALEZ CASTRO; et al., Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71016.

Agency Nos. A78–111–832, A75–510–508, A75–710–509, A75–710–510, A75–710–511.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2000.

Decided Jan. 6, 2005.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Cheri Attix, Attorney at Law, San Diego, CA, for Petitioners.

Regional Counsel, Western Region, Laguna Niguel, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David Dauenheimer, Patricia A. Smith, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before REINHARDT, HALL, and WARDLAW, Circuit Judges.

MEMORANDUM *

Maria Socorro Gonzalez Castro, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") final order affirming without opinion the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and affirm in part, reverse in part, and remand.

1. **Asylum and Withholding of Removal**

■ Because the IJ did not make an adverse credibility finding, we accept Gonzalez Castro's testimony as true. *See Kalubi v. Ashcroft,* 364 F.3d 1134, 1137 (9th Cir.2004). The IJ concluded that, because Gonzalez Castro did not declare affiliation to a particular political party, she did not have a political opinion. The IJ's decision

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

is without support either by substantial evidence in the record or by the law of this circuit. Gonzalez Castro made clear and outspoken efforts to defend human rights and to prosecute government corruption. "Retaliation against an individual who has acted against government corruption can be 'on account of' political opinion." *Njuguna v. Ashcroft,* 374 F.3d 765, 770–71 (9th Cir.2004). The record establishes that Gonzalez Castro's entire project was to "expos[e] and prosecut[e] ... an abuse of public trust." *Hasan v. Ashcroft,* 380 F.3d 1114, 1121 (9th Cir.2004). She pursued a dangerous suit against the Mexican government because she believed that "all the Mexicans, may they be governors, workers, or a very low class, we had rights"—a democratic principle that can hardly be dismissed as apolitical. History makes clear that pursuing human rights against a corrupt government is a political act, the foundation for the American revolution and the establishment of the United States, and the genesis of wars and civil conflicts throughout time. Gonzalez Castro pursued her suit because she believed that she "had the law in her hand," and that the government should be forced to abide by the rule of law—an unquestionable political act. Therefore the IJ erred as a matter of law in reading "political opinion" so narrowly as to require membership in a political party.

The IJ did not reach the question of whether the threats against Gonzalez Castro and her family rose to the level of persecution, or whether she has a well-founded fear of future persecution. Therefore, we remand for these determinations. *INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

## 2. Convention Against Torture

Gonzalez Castro did not "establish that it is more likely than not that ... she would be tortured if removed to [Mexico]." *Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001) (quoting 8 C.F.R. § 208.16(c)(2)). Although Gonzalez Castro received frightening threats against her and against her children, neither she nor her family was ever attacked, kidnapped, or injured. Substantial evidence thus supports the IJ's conclusion that any persecution Gonzalez Castro suffered did not rise to the level of the "severe pain or suffering" required by the CAT. 8 C.F.R. § 208.16(a)(1).

## 3. Conclusion

For the foregoing reasons, we reverse the IJ's determination that Gonzalez Castro was not subjected to the acts of which she complains "on account of" her political opinion; we affirm the IJ's determination that Gonzalez Castro is not eligible for relief under the CAT; and remand for further proceedings consistent with this disposition.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED