**Kuldeep SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71575.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 14, 2005.

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Earle B. Wilson, Anthony W. Norwood, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

Kuldeep Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's denial of his claims for asylum and withholding of removal, and relief under the Convention Against Torture ("CAT"). We have juris-

diction under 8 U.S.C. § 1252. We review for substantial evidence, *Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir.2003), and will uphold the BIA's decision unless the evidence compels a contrary conclusion, *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Assuming Singh's testimony was credible, as the BIA did, substantial evidence supports the conclusion that conditions have changes in India such that Singh has no well-founded fear of persecution. *See Gonzalez–Hernandez*, 336 F.3d at 1000–01 (upholding a denial of asylum based on changed country conditions where the agency rationally construed State Department report).

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc).

Because the BIA's changed country conditions finding applies equally to Singh's CAT claim as it does to his asylum and withholding of removal claims, Singh fails to demonstrate how the BIA's failure to rule on his CAT claim prejudiced him in any way. *See Kamalthas v. INS*, 251 F.3d 1279, 1280 (9th Cir.2001) ("[C]ountry conditions alone can play a decisive role in granting relief under the Convention"). Singh's argument under CAT thus fails.

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741, 750 (9th Cir.2004), Singh's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire on issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.