Vardan ZADOORIAN, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 02–74007.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 21, 2005.

Vardan Zadoorian, Law Offices of Asbet A. Issakhanian, Glendale, CA, pro se.

Regional Counsel, Laguna Niguel, CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Marshall Tamor Golding, Esq., Richard M. Evans, Esq., Marion E. Guyton, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, WARDLAW,
and TALLMAN, Circuit Judges.

MEMORANDUM **

Vardan Zadoorian is a native and citizen of Iran. Zadoorian petitions for review of the Board of Immigration Appeals' ("BIA") decision, which summarily affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

■ Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we deny this petition.

■ Substantial evidence supports the IJ's adverse credibility finding. *See id.* The IJ offered specific, cogent reasons for her credibility determination based on Zadoorian's lack of basic knowledge of the Christian religion and the implausibility of Zadoorian's inability to provide the name of the church that he allegedly attended in Iran for over 19 years. These reasons go the heart of Zadoorian's claim. *See id.* at 1043.

Because Zadoorian did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Zadoorian has also failed to meet the standard for CAT relief. *See id.* at 1156–57; *see also Kamalthas v. INS,* 251 F.3d 1279, 1282–84 (9th Cir.2001).

Finally, we decline to apply the fugitive disentitlement doctrine to dismiss this petition. *See United States v. Van Cauwenberghe,* 934 F.2d 1048, 1054–55 (9th Cir. 1991) (court has discretion to dismiss an appeal based on the fugitive disentitlement doctrine because the doctrine is based on equitable considerations).

**PETITION FOR REVIEW DENIED.**