**Mateo Miguel GONZALEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76675.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 7, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. 34(a)(2).

Teodora D. Harizanova, San Diego, CA, for Petitioner.

CAS-District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Melissa Neiman-Kelting, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Mateo Miguel Gonzalez, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals, dismissing an appeal from the immigration judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000), and we deny the petition for review.

Substantial evidence supports the IJ's determination that Gonzalez did not establish a well-founded fear of future persecution because the IJ's individualized country conditions analysis of two State Department reports reflects that, despite measured progress towards enacting the provisions of the 1996 Peace Accords, the guerillas have disbanded since the Peace Accords were implemented and the umbrella guerilla alliance has dissolved to devote itself to legal political activity. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 1000–01 (9th Cir.2003). Furthermore, because the incident precipitating Gonzalez's departure occurred approximately twenty years ago, substantial evidence supports the IJ's finding that his current

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

fear of returning to Guatemala is not objectively reasonable. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995) (holding no objectively reasonable fear of future persecution where record did not compel conclusion that persecutor had a continuing interest in applicant).

■ Because Gonzalez failed to establish eligibility for asylum, he necessarily failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

■ Substantial evidence supports the IJ's denial of CAT relief because Gonzalez failed to show it is more likely than not that he would be tortured by, or with the acquiescence of, a public official, if he returned to Guatemala. *See* 8 C.F.R. § 208.18; *Kamalthas v. INS,* 251 F.3d 1279, 1282 (9th Cir.2001).

Gonzalez's remaining contentions are unpersuasive.

All pending motions are denied.

**PETITION FOR REVIEW DENIED.**