Navaratwam KAMALTHAS, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–71081.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 2001

Filed June 5, 2001

Judith L. Wood, Jesse A. Moorman, Los Angeles, California, for the petitioner.

David W. Ogden, Acting Asst. Attorney General, Karen Fletcher Torstenson, Asst. Director, John S. Hogan, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, for the respondent.

Before: HUG and B. FLETCHER, Circuit Judges, and KING, District Judge.[1]

BETTY B. FLETCHER, Circuit Judge:

Petitioner seeks review of a decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen his exclusion proceedings under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("Convention Against Tor-

ture" or "Convention"). We are asked to decide an issue of first impression in this circuit: whether an alien who has been found ineligible for political asylum necessarily fails to qualify for relief under the Convention Against Torture. The petitioner, Navaratwam Kamalthas, a 25 year-old Sri Lankan national, claims that as a Tamil male, he would face a substantial risk of torture if he were sent back to Sri Lanka. The BIA, which had previously found Kamalthas's account of past persecution to lack credibility in the context of his asylum application, denied the motion to reopen on the ground that Kamalthas submitted no new evidence to rebut the prior credibility determination, and that he thereby failed to present a prima facie case for relief under the Convention.

We find that in ruling as it did, the BIA impermissibly conflated the standards for granting relief in asylum and Convention cases. In particular, we find that the Board abused its discretion in failing to recognize that country conditions alone can play a decisive role in granting relief under the Convention, and that under a plain reading of the relevant statutory and regulatory language, relief under the Convention does not require that the prospective risk of torture be on account of certain protected grounds. We therefore conclude that the inability to state a cognizable asylum claim does not necessarily preclude relief under the Convention Against Torture.

I.

Kamalthas arrived in the United States on December 17, 1996. While attempting to clear immigration at the Portland (Oregon) International Airport, he presented a false passport and requested permission to

1. The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

transit to Canada without a visa. Upon being detained by the INS, he applied for asylum and withholding of deportation. At his hearing before the Immigration Judge ("IJ"), Kamalthas testified that after graduating from college in Jaffna, Sri Lanka, Tamil Tiger rebels attempted to recruit him and then beat him for refusing to join them. Subsequently, as a Tamil male, he was captured and subjected to torture over five days by the Sri Lankan police. The IJ found Kamalthas's testimony to be not credible and denied his applications for asylum and withholding of deportation, based in part on his "wooden manner of speech," the fact that others had told "the exact same story," and the fact that upon his arrival Kamalthas had told an INS airport inspector that he had never experienced problems with the Sri Lankan police. The BIA upheld the IJ's adverse credibility finding and denial of asylum and withholding of deportation. On October 7, 1999, a panel of this circuit affirmed the BIA's decision (including the adverse credibility determination), but stayed the mandate to permit Kamalthas to file a motion to reopen his exclusion proceedings with the BIA to consider the applicability of the Convention Against Torture. *Kamalthas v. INS,* 198 F.3d 254 (9th Cir.1999) (unpublished disposition).

The BIA subsequently rejected Kamalthas's motion to reopen, noting that he had only submitted a copy of his previous asylum application along with an unsigned affidavit. In the BIA's view, because Kamalthas "state[d] no new facts that he would prove at a new hearing," his motion failed to make out a prima facie case in that it "does not demonstrate that it is more likely than not that he will be tortured if deported to Sri Lanka," as required under the applicable regulations.

Kamalthas timely filed a petition for review of the BIA's decision by our court.

## II.

We have jurisdiction under § 2242(d) of the Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA"), the Convention's implementing legislation. As we held in *Khourassany v. INS,* 208 F.3d 1096 (9th Cir.2000), FARRA § 2242(d), in concert with regulations codified at 8 C.F.R. § 208.18(e) (2000), specifically provides for judicial review of the BIA's denials of motions to reopen under the Convention.[2] *Id.* at 1100 ("A denial from that motion is subject to judicial review limited to the BIA's decision on the motion to reopen.").

■ We review the BIA's denial of a motion to reopen for abuse of discretion. *See Sharma v. INS,* 89 F.3d 545, 547 (9th Cir.1996); *see also Mansour v. INS,* 230 F.3d 902, 906–07 (7th Cir.2000) ("We review the BIA's decision not to reopen the case under the Convention Against Torture for abuse of discretion.") (citing *INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). The Board's factual findings are reviewed under the substantial evidence standard. *Paredes–Urrestarazu v. INS,* 36 F.3d 801, 807 (9th Cir.1994). The BIA's conclusions regarding questions of law are reviewed de novo, *id.,* except to the extent that they involve interpretations of ambiguous statutory provisions that were intended by Congress

---

2. Technically, § 2242(d) only provides for judicial review of claims raised under the Convention "as part of a final order of removal" under 8 U.S.C. § 1252. This language is reiterated in 8 C.F.R. § 208.18(e). However, in *Khourassany,* the INS represented (and we agreed) that the denial of a motion to reopen

to consider a claim based on the Convention constitutes a "final removal order" and is "thus separately subject to judicial review under the Foreign Affairs Reform Act and its implementing regulations." *Khourassany,* 208 F.3d at 1100.

to be left to the BIA's discretion. In such cases, deference is owed to the BIA's reasonable interpretations of such provisions, so long as they do not contravene other indications of congressional intent. *INS v. Aguirre–Aguirre,* 526 U.S. 415, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999); *Chevron USA Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

### III.

■■■ Kamalthas's central argument is that the BIA abused its discretion in ruling that his failure to submit additional facts to rebut the Board's earlier adverse credibility determination precluded the establishment of a prima facie case for relief under the Convention Against Torture. We agree.

Under the implementing regulations for the Convention, "[t]orture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1) (2000). Pursuant to these regulations:

- The burden of proof is on the applicant . . . to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal. The testimony of the appli-

cant, if credible, may be sufficient to sustain the burden of proof without corroboration.
- In assessing whether it is more likely than not that an applicant would be tortured . . . *all evidence relevant to the possibility of future torture shall be considered,* including, but not limited to:
  - Evidence of past torture inflicted upon the applicant;
  - Evidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured;
  - *Evidence of gross, flagrant or mass violations of human rights within the country of removal;* and
  - *Other relevant information regarding conditions in the country of removal.*

8 C.F.R. §§ 208.16(c)(2) and (3) (2000) (emphases added).

Under 8 C.F.R. § 208.18(b)(2) (2000), aliens (such as Kamalthas) who were under final exclusion orders before March 22, 1999, were permitted to seek reopening of their proceedings with the BIA to state claims under the Convention. As required under this provision, Kamalthas filed his motion to reopen before June 21, 1999. Such motions are subject to the Board's discretion under 8 C.F.R. §§ 3.2 and 3.23.[3] Furthermore, under § 208.18(b)(2), "motion[s] to reopen shall not be granted unless: . . . (ii) The evidence sought to be offered establishes a prima facie case that the applicant's removal must be withheld or deferred [under the Convention]."

In its decision denying Kamalthas's motion, the BIA concluded that an "applicant [fails] to satisfy his burden of presenting a prima facie case for relief under the Con-

---

**3.** These regulations state that "[t]he decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board, subject to the restrictions of this section. The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 3.2(a) (2000).

vention where he merely restates facts that have already been deemed incredible at a prior [asylum] hearing." However, in so holding, the Board conflated the burden of proof for an asylum claim with that for relief under the Convention. As noted above, pursuant to 8 C.F.R. § 208.16(c)(3), "all evidence relevant to the possibility of future torture shall be considered," even apart from any prior findings in the asylum context. In particular, nowhere in its opinion did the BIA consider the documented country conditions in Sri Lanka which corroborate the widespread practice of torture against Tamil males.

Furthermore, and more generally, the Board failed to recognize the central distinction that claims for relief under the Convention are analytically separate from claims for asylum under INA § 208 and for withholding of removal under INA § 241(b)(3). Put another way, a claim under the Convention is not merely a subset of claims for either asylum or withholding of removal. To be eligible for asylum, a petitioner must demonstrate "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). Similarly, to be eligible for withholding of removal under INA § 241(b)(3), a petitioner must show that "it is more likely than not" that his or her life or freedom would be threatened by persecution on account of these same protected grounds. 8 C.F.R. § 208.16(b)(1). By contrast, to be eligible for relief under the Convention, a petitioner must show "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Id.* § 208.16(c)(2). In an important sense, then, the Convention's reach is both broader and narrower than that of a claim for asylum or withholding of deportation: coverage is broader because a petitioner need not show that he or she would be tortured

"on account of" a protected ground; it is narrower, however, because the petitioner must show that it is "more likely than not" that he or she will be tortured, and not simply persecuted upon removal to a given country.

Although Kamalthas's petition presents an issue of first impression in this circuit, we note that the facts in this case are remarkably similar to those in *Mansour v. INS*, 230 F.3d 902 (7th Cir.2000), in which the Seventh Circuit recently vacated the BIA's denial of a motion to reopen exclusion proceedings. As in Kamalthas's case, there the BIA also rejected the motion of a former asylum applicant from Iraq (who also had been found not credible) to reopen under the Convention, on the ground that he had failed to establish a prima facie case. The *Mansour* court reasoned that Mansour's asylum claim and motion to reopen were separate forms of relief, deserving individualized consideration. *Id.* at 909. In particular, the court noted that the BIA's decision completely neglected to mention a State Department report on country conditions in Iraq, which documented abuses against the Assyrian Christian minority community to which Mansour belonged. Such a "source of information may well be an indication of gross, flagrant, or mass violations of human rights in Iraq; however, the BIA never addressed this evidence." *Id.* at 907–08. Furthermore, the court found that the BIA had only addressed the Convention claim "in a minimalistic and non-detailed manner," and had overrelied on its adverse credibility determination in the asylum context, which "seems to overshadow its analysis of Mansour's torture claim." *Id.* at 908. Although the court questioned whether "Mansour ha[d] adequately stated a Convention Against Torture claim that would warrant reversal of the BIA's decision on his motion to reopen," *id.* at 909, it nonetheless found that the BIA had

abused its discretion and remanded to require the Board to reassess its decision under the proper legal standard.

We find that such reasoning applies equally to this case, where the BIA has plainly overrelied on its prior adverse credibility finding against Kamalthas and failed to consider evidence of the relevant country conditions in the record. Like the *Mansour* court, "[w]e are not comfortable with allowing a negative credibility determination in the asylum context to wash over the torture claim; especially when the prior adverse credibility determination is not necessarily significant in this situation." *Id.* at 908. Indeed, proper attention to relevant country conditions might lend credence to Kamalthas's assertions of torture and cause the BIA to view them in a different light. Although we are cognizant of the high bar to obtaining relief under the Convention on the merits, the BIA cannot deny a motion to reopen without recognizing the proper standard for establishing a prima facie case and giving weight to relevant country conditions.

In sum, in order to present a prima facie case for relief under the Convention, the burden of proof is on the petitioner "to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). We hold that a petitioner carries this burden whenever he or she presents evidence establishing "substantial grounds for believing that he [or she] would be in danger of being subjected to torture" in the country of removal, *U.N. Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment* art. 3, para. 1, including (but not limited to) evidence of "past torture inflicted upon the applicant"; "gross, flagrant or mass violations of human rights within the country of removal"; and "[o]ther relevant information regarding conditions in the country of removal."

8 C.F.R. § 208.16(c)(3); *cf. Mansour*, 230 F.3d at 908–09. In this case, the BIA failed to consider probative evidence in the record of country conditions which confirm that Tamil males have been subjected to widespread torture in Sri Lanka. Accordingly, we vacate the Board's decision on the ground that "[t]he BIA abuse[d] its discretion when it fail[ed] to state its reasons and show proper consideration of all factors when weighing equities and denying relief," *Arrozal v. INS*, 159 F.3d 429, 432 (9th Cir.1998), and remand for further proceedings consistent with this opinion.

**VACATED** and **REMANDED**.