Francisco Luis ACEVEDO, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–70172.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2004.*

Decided July 21, 2004.

Susan E. Hill, Law Offices of Susan E. Hill, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ernesto H. Molina, Jr., Colette J. Winston, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS and BYBEE, Circuit Judges.

MEMORANDUM **

Francisco Luis Acevedo, a native and citizen of Colombia, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the BIA's denial of an application for asylum on the ground that the alien has not established eligibility, *see Meza–Manay v. INS,* 139 F.3d 759, 762 (9th Cir.1998), and we deny the petition for review.

An applicant may qualify for asylum by showing either past persecution or a well-founded fear of future persecution. 8 C.F.R. § 208.13(b). The application may be denied, however, if it is shown that "[t]he applicant could avoid future persecu-

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion by relocating to another part of the applicant's country of nationality … and under all circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. § 208.13(b)(1)(i)(B). When past persecution has been found, as the BIA presumed in this case, the government has the burden to show that it would be reasonable for the applicant to relocate within the country. *See* 8 C.F.R. § 208.13(b)(1)(ii); *Cardenas v. INS*, 294 F.3d 1062, 1066 (9th Cir.2002). Here, the BIA concluded it would be reasonable for Acevedo to avoid persecution from guerrilla groups by relocating to the capital of Colombia, Bogota.

This BIA's decision is supported by substantial evidence. The record reflects that prior to leaving Colombia, Acevedo had relocated to Bogota where he lived without incident for over three years. Additionally, the record indicates that Acevedo's reluctance to return to Bogota is not based on a well-founded fear of persecution. Rather, it is based on concern that he will be unable to find work there. This is not a basis for asylum. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177–78 (9th Cir.2004) (stating that economic disadvantage alone is not grounds for asylum).

Because Acevedo failed to establish eligibility for asylum, it follows that he failed to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

Finally, Acevedo is not entitled to relief under the Convention Against Torture because he did not demonstrate that it was more likely than not that he would be tortured if he returned to Colombia. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Acevedo's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**