**Tareq CHOWDHURY, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72399.

Agency No. A75–613–738.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

John Stephen Glaser, Manulkin & Glaser, Fountain Valley, CA, for Petitioner.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, OIL, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM**

Tareq Chowdhury, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' ("BIA") decision to affirm the Immigration Judge's ("IJ") order, which dismissed his petition for asylum as untimely and denied his petition for withholding of removal and relief under the Convention Against Torture ("CAT") on the merits.

We lack jurisdiction to review the IJ's determination that Chowdhury is ineligible for asylum because he failed to apply within one year of arriving in the United States. *See* 8 U.S.C. § 1158(a)(3); *Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir. 2001). We therefore dismiss for lack of jurisdiction Chowdhury's petition for review with respect to his eligibility for asylum. We have jurisdiction under 8 U.S.C. § 1252(a) over the petition insofar as it concerns petitioner's claims of withholding of removal and relief under CAT. *See Hakeem*, 273 F.3d at 816. We review for substantial evidence and deny the petition. *See id.*

Chowdhury contends that he has established eligibility for withholding of removal. Substantial evidence supports the BIA's finding that Chowdhury did not establish a "clear probability" that he would be subject to persecution if he returned to Bangladesh. *See Al–Harbi v. INS*, 242 F.3d 882, 888–89 (9th Cir.2001) (requiring a clear probability that his life or freedom would be threatened).

Because Chowdhury failed to demonstrate that it was more likely than not that he would be tortured if he returned to Bangladesh, the BIA properly denied his CAT claim. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for a stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.