Galina Alexeevna ROMANOVA;
et al., Petitioners,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–73957.
Agency Nos. A71–961–605, A71–961–606.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

Galina Alexeevna Romanova, Las Vegas, NV, pro se.

Ekaterina Romanova, Las Vegas, NV, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, Office of Immigration Litigation Civil Division, Department of Justice, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM**

Galina Alexeevna Romanova, and her daughter Ekaterina Romanova, natives and citizens of Latvia, petition pro se for review of the decision of the Board of Immigration Appeals ("BIA") adopting and affirming the Immigration Judge's denial of their applications for asylum, withholding of deportation, and for relief under the Convention Against Torture ("CAT"). Because the transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir. 1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence the BIA's factual determinations, *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995), and we review for abuse of discretion the denial of a motion to reopen. *De Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir.2004). We deny the petition for review.

■ Substantial evidence supports the BIA's determination that the acts of discrimination Petitioners suffered did not rise to the level of persecution. *See Ghaly*, 58 F.3d at 1431 (persecution must be "extreme" treatment). The altercation at the Latvian store where Romanova's brother-in-law had a mug of beer poured in his face, the fight at the lake, and the incident at the headquarters of the "special forces" precinct on Latvian Independence Day, while unfortunate, were not persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016–17 (9th Cir.2003) (record did not compel finding that being teased, bothered, discriminated against, harassed, and

fired from job because of religious beliefs rose to level of persecution). Moreover, Petitioners failed to provide specific evidence that would support a basis for a well-founded fear of future persecution in Latvia. *See id.* at 1018.

■ Because Petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of deportation. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

■ Substantial evidence supports the BIA's conclusion that Petitioners are not entitled to relief under the CAT because they did not demonstrate that it is more likely than not that they would be tortured upon return to Latvia. *See Kamalthas v. INS*, 251 F.3d 1279, 1283–84 (9th Cir. 2001).

■ The BIA did not abuse its discretion in denying Ekaterina Romanova's motion to reopen to apply for suspension of deportation because she was served with an Order to Show Cause in 1993, two years after she entered the United States, and thus could not establish seven years of continuous physical presence necessary to qualify for suspension of deportation. *See Otarola v. INS*, 270 F.3d 1272, 1274 n. 3 (9th Cir.2001).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), Petitioners' voluntary departure period will begin to run upon issuance of this court's mandate.

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.