**Amarjeet SINGH, Petitioner,**

v.

**Alberto R. GONZALES,* Attorney General, Respondent.**

No. 03–74080.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2005.**

Decided May 23, 2005.

---

1. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004).

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Inna Lipkin, Esq., Law Offices of Kuldip Singh Dhariwal, Fremont, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Jeffrey J. Bernstein, Esq., Kurt B. Larson FAX, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: KLEINFELD, HAWKINS, and GRABER, Circuit Judges.

MEMORANDUM \*\*\*

Petitioner Amarjeet Singh, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals ("BIA"), which affirmed without

opinion the decision of an immigration judge ("IJ") denying Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Because the BIA adopted the IJ's decision, we review the latter. *Melkonian v. Ashcroft,* 320 F.3d 1061, 1065 (9th Cir.2003). We review legal issues de novo and factual findings for substantial evidence. *Harpinder Singh v. Ilchert,* 63 F.3d 1501, 1506 (9th Cir.1995). The IJ made no adverse credibility finding, so Petitioner's testimony must be taken as true. *Kalubi v. Ashcroft,* 364 F.3d 1134, 1137 (9th Cir.2004).

A. *Claims for Asylum and Withholding of Removal*

1. The IJ purported to distinguish *Harpinder Singh* from this case on the sole ground that Petitioner "did, in fact, assist or aid terrorists" whereas Harpinder Singh had been "falsely accused" of supporting the separatists. That purported distinction is not availing because Harpinder Singh also assisted or aided Sikh militant separatists. *See Harpinder Singh,* 63 F.3d at 1503–04 (describing that the petitioner gave food and shelter to Sikh separatist militants seven times, even though he disapproved of their violent methods and declined their requests to join them); *see also Ratnam v. INS,* 154 F.3d 990, 996 (9th Cir.1998) (concluding that *Harpinder Singh* was controlling, despite the government's argument that Ratnam was arrested while actually engaged in terrorist activity, because "the actions of Harpinder Singh in harboring the guerrillas in his home" would be considered terrorist activity as well). The IJ pointed to no other distinction from *Harpinder Singh,* and on this record we see none. What happened

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to Petitioner occurred "on account of" an imputed political opinion.

■ 2. The IJ did not consider any other aspects of Petitioner's claims for asylum and withholding of removal, including whether the events rose to the level of past persecution and, if so, whether country conditions have changed. Therefore, we must remand the case to the agency for further proceedings. *INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

### B. *CAT Claim*

■ To be eligible for CAT protection, Petitioner must " 'establish that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal.' " *Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001) (quoting 8 C.F.R. § 208.16(c)(2)). The fact that Petitioner's father and grandfather, who were significantly involved in the Sikh separatist movement, remain in their homes in India without problems is substantial evidence in support of the IJ's conclusion that Petitioner failed to carry his burden of proof on this claim.

PETITION GRANTED with respect to claims of asylum and withholding of removal and REMANDED; PETITION DENIED with respect to the CAT claim. The parties shall bear their own costs on appeal.

KLEINFELD, Circuit Judge, dissenting.

I respectfully dissent.

Although the record could be read as showing that the police repeatedly arrested and beat Singh because of his political opinion, there was also substantial evidence on the record as a whole for the contrary conclusion—that the police acted against Singh because they suspected him of a crime, aiding or hiding terrorists, rather than because of his political opinion. Singh admitted that he furnished assistance to Khalistan separatists and that the police accused him of sheltering them. Because there is evidence of a legitimate prosecutorial purpose, this case should be analyzed under *Dinu v. Ashcroft,*[1] rather than *Harpinder Singh v. Ilchert*[2] and *Ratnam v. INS,*[3] and the BIA's decision should be affirmed.[4]

---

1. *Dinu v. Ashcroft,* 372 F.3d 1041 (9th Cir. 2004).

2. *Harpinder Singh v. Ilchert,* 63 F.3d 1501 (9th Cir.1995).

3. *Ratnam v. INS,* 154 F.3d 990 (9th Cir.1998).

4. *See Dinu,* 372 F.3d at 1044–45.

