The BIA's and IJ's adverse credibility findings are supported by substantial evidence, as Kaur testified inconsistently to events central to her claim. *See Li v. Ashcroft,* 378 F.3d 959, 962–63 (9th Cir. 2004). In addition, the BIA and IJ properly found that Kaur failed to provide corroboration to support contradictory evidence regarding her identity and to supplement her lack of knowledge about her family's history of problems with the police. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003); *see also Sidhu v. INS,* 220 F.3d 1085, 1089–92 (9th Cir. 2000). Finally, the BIA and IJ properly explained how Kaur's demeanor detracted from her credibility. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999).

In the absence of credible evidence, Kaur has failed to show eligibility for asylum or withholding of removal. *See Farah,* 348 F.3d at 1156. Because Kaur's claims under CAT are based on the same facts that the BIA and IJ found to be not credible, and Kaur points to no other evidence the BIA and IJ should have considered, she has failed to establish that the record compels eligibility for relief under CAT. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

**Sajeesh KUMAR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74324.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted March 8, 2006.*

Decided March 17, 2006.

Inna Lipkin, Esq., Law Offices of Kuldip Singh Dhariwal, Fremont, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, John L. Davis, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

### MEMORANDUM **

Sajeesh Kumar, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an Immigration Judge's order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252.

We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition. Substantial evidence supports the BIA's decision that Kumar failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1044 (9th Cir.2004).

Because we conclude that Kumar has not established eligibility for asylum, it follows that he has not satisfied the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003). Nor does the record compel the conclusion that it is more likely than not that Kumar will be tortured if returned to India, making him ineligible for CAT protection. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

### PETITION FOR REVIEW DENIED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.