**Gurdas SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73538.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 12, 2006.

Hardeep Singh Rai, Zeena Batliwalla, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Cindy S. Ferrier, Esq., Shahira M. Tadross Fax, U.S. De-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

partment of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, RYMER and FISHER, Circuit Judges.

## MEMORANDUM **

Gurdas Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000), we deny the petition.

Substantial evidence supports the BIA's and IJ's decisions that Singh failed to establish eligibility for asylum. The record indicates that the police arrested Singh because he sheltered a militant, and was suspected of training militants and participating in a bank robbery. *See Dinu v. Ashcroft,* 372 F.3d 1041, 1043–44 (9th Cir.2004) (holding that petitioner is not eligible for asylum where there is evidence of a legitimate prosecutorial purpose, and no direct evidence that persecution was on account of a protected ground). Moreover, any well-founded fear of future persecution Singh might have had was rebutted by the IJ's individualized analysis of his circumstances in light of current country conditions. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998–1000 (9th Cir. 2003).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS,* 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Singh also failed to establish a CAT claim because he did not show that it was more likely than not that he would be tortured if he returned to India. *See Kamalthas v. INS,* 251 F.3d 1279, 1283–84 (9th Cir.2001).

## PETITION FOR REVIEW DENIED.