**Archalous Civan COLOL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74702.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 12, 2007.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Douglas E. Ginsburg, Esq., William C. Peachey, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL and PAEZ, Circuit Judges.

MEMORANDUM **

Archalous Civan Colol, a native of Turkey and citizen of Lebanon, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing her appeal from an Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the BIA's and IJ's decisions unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the BIA's and IJ's determination that Colol failed to establish past persecution or a well-founded fear of future persecution based on police questioning her and searching her house, and harassment by Muslims. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995) (finding no past persecution or well-founded fear of future persecution where the petitioner was arrested, detained for four to six hours, beaten, and private citizens threw stones at his house

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and attempted to steal property). Colol also failed to show that she is eligible for asylum on the basis of a pattern or practice of persecution of persons similarly situated to her. *See Suntharalinkam v. Gonzales*, 458 F.3d 1034, 1049–50 (9th Cir. 2006).

Because Colol failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir.2004).

Colol failed to establish a CAT claim because she did not show that it was more likely than not that she would be tortured if she returned to Lebanon. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**