**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANG NURI, | No. 06-72094 |
| Petitioner, | Agency No. A095-415-112 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 14, 2010
San Francisco, California

Before: HUG and M. SMITH, Circuit Judges, and HOGAN, Senior District
Judge.[**]

Ang Nuri, a native and citizen of Nepal, petitions for review of a decision of

the Board of Immigration Appeals ("BIA") dismissing Nuri's appeal of an

immigration judge's ("IJ") denial of asylum, withholding of removal, and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Circuit Rule 36-3.

[**]    The Honorable Thomas F. Hogan, Senior United States District Judge
for the District of District of Columbia, sitting by designation.

protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(b) and deny the petition.

## I. Asylum and Withholding of Deportation

Where, as here, the BIA adopts the IJ's credibility determination, we look to the IJ's reasons for deeming the person not credible. *Bandari v. INS*, 227 F.3d 1160, 1165 (9th Cir. 2000). We review adverse credibility findings "under the same highly deferential substantial evidence standard applicable to the denial of asylum" and uphold factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004) (quotation marks omitted). An applicant who fails to satisfy the lesser standard of proof required to establish eligibility for asylum necessarily fails to demonstrate eligibility for withholding of deportation. *Fisher v. INS*, 79 F.3d 955, 965 (9th Cir. 1996).

Nuri claims persecution because of his affiliation with the Nepali Congress Party, yet has demonstrated little knowledge of major events in the Party's history. Nuri's account of events he allegedly undertook to promote the Party's goals was similarly unconvincing. Further, the IJ reasonably suspected that Nuri's citizenship certificate was falsified and that Nuri had been less than forthright in explaining how he procured other documentation to support his claim. In

2

particular, we note that Nuri's recent attempt to explain why a letter from the Nepalese Congress Party was dated two months prior to the time when he allegedly requested it by the fact that the Nepalese calendar is 57 years ahead of the Western calendar flies in the face of logic. The IJ and BIA correctly found that Nuri has failed to establish eligibility for asylum and thus also eligibility for withholding of deportation.

## II. CAT Relief

To be eligible for relief under CAT, "a petitioner must show that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001) (quotation marks omitted). "[A] petitioner carries this burden whenever he or she presents evidence establishing substantial grounds for believing that he or she would be in danger of being subjected to torture in the country of removal." *Id.* at 1284 (alteration and quotation marks omitted). Mere fears of persecution do not suffice under this standard. *Id.* at 1283. Nuri claims that Maoists once attacked him until he lost consciousness and that Maoists again sought to confront him in a village to which he had fled. However, Nuri's recitation of the alleged attacks was inconsistent just as his alleged knowledge that it was Maoists who sought the confrontation is unconvincing. Nuri has not presented substantial evidence for

3

believing that it is more likely than not that he would be tortured upon return to Nepal.

**PETITION FOR REVIEW DENIED.**