**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 06 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DERONG CHEN,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-72496<br><br>Agency No. A075-718-413<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2010[**]
San Francisco, California

Before: HUG, SKOPIL, and BEEZER, Circuit Judges.

De Rong Chen petitions for review of the decision by the Board of

Immigration Appeals ("BIA") affirming the immigration judge's denial of asylum,

withholding of removal and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Because we conclude that substantial evidence supports the BIA's decision, we deny the petition for review.

The facts of this case are known to the parties. We do not repeat them.

We review the BIA's factual findings, including adverse credibility findings, for substantial evidence.[1] *Guo v. Ashcroft*, 361 F.3d 1194, 1199 (9th Cir. 2004). The BIA's "credibility findings are upheld unless the evidence compels a contrary result." *Joseph v. Holder*, 600 F.3d 1235, 1240 (9th Cir. 2010).

When reviewing an adverse credibility finding, we evaluate each ground cited by the BIA in support of its finding. *Wang v. Ashcroft*, 341 F.3d 1015, 1021 (9th Cir. 2003). The BIA must provide "specific and cogent reasons to support an adverse credibility finding, and those reasons must be substantial and bear a legitimate nexus to the finding." *Marcos v. Gonzales*, 410 F.3d 1112, 1117 (9th Cir. 2005) (internal quotation marks omitted).

The BIA affirmed the adverse credibility determination for several reasons. Each of these reasons "goes to the heart of [Chen's] claim" because each concerns an event that is "central to [Chen's] version of why he was persecuted and fled." *See Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir. 2006).

---

[1] Because Chen filed his application for relief before May 11, 2005, we apply pre-REAL ID Act standards to evaluate the BIA's adverse credibility determination. *Joseph*, 600 F.3d at 1240 n.3.

An inability to remember trivial dates does not support an adverse credibility determination. *See Wang*, 341 F.3d at 1021-22. In this case, however, the BIA reasonably viewed the discrepancy as to whether Chen's grandmother died in 1984 or was "persecuted to death" during the Cultural Revolution as a "significant and relevant" discrepancy. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004) (internal quotation marks omitted).

We have recognized "that false statements and other inconsistencies must be viewed in light of all the evidence presented in the case." *Kaur v. Gonzales*, 418 F.3d 1061, 1066 (9th Cir. 2005). Viewing the inconsistency regarding Chen's grandmother's death in light of the evidence undermining the authenticity of his summons and the vagueness of Chen's testimony, we cannot say that the record "would *compel* a reasonable finder of fact" to conclude that Chen is credible. *See Wang v. INS*, 352 F.3d 1250, 1258 (9th Cir. 2003) (internal quotation marks omitted). We therefore uphold the BIA's adverse credibility ruling. *Id.*

Because Chen failed to show a well-founded fear of persecution through credible testimony, Chen's asylum claim fails. *See Mejia-Paiz v. INS*, 111 F.3d 720, 724 (9th Cir. 1997). Chen's claim for withholding of removal also fails because the standard for withholding of removal is higher than the standard for asylum. *See Al-Harbi v. INS*, 242 F.3d 882, 888-89 (9th Cir. 2001).

3

As Chen notes, the requirements for CAT relief differ from the requirements for asylum and withholding. *See Kamalthas v. INS*, 251 F.3d 1279, 1282-84 (9th Cir. 2001) (noting that CAT relief does not require proof of persecution on a particular basis, and country conditions alone may play a significant role in CAT claims). The BIA properly affirmed denial of Chen's CAT claim because Chen provided no credible evidence that he is "more likely than not to be tortured" if he returns to China. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006).

**DENIED.**