**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAY 29 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELENA DANILOVA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-72556

Agency No. A099-863-767

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2014[**]
San Francisco, California

Before: SILVERMAN and GOULD, Circuit Judges, and LEMELLE, District
Judge.[***]

Elena Danilova petitions for review of the Board of Immigration Appeals'

("BIA") decision affirming an Immigration Judge's denial of her applications for

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Ivan L.R. Lemelle, District Judge for the U.S. District
Court for the Eastern District of Louisiana, sitting by designation.

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We review the factual determinations of the BIA for substantial evidence. *Smolniakova v. Gonzales*, 422 F.3d 1037, 1044 (9th Cir. 2005). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

First, the evidence brought forth by Danilova is not sufficient to compel the conclusion that political opinions imputed to her by reason of having a Chechen boyfriend were "a central reason" for the mistreatment she suffered in Moldova. 8 U.S.C. § 1158(b)(1)(B)(i). Substantial evidence supports the BIA's determination that the Moldovan authorities were involved in a bona fide investigation into the boyfriend's alleged criminal activities. Substantial evidence also supports the BIA's conclusion that ethnic slurs used by police while mistreating Danilova did not show that her interracial relationship, rather than investigation of crime, was the reason for the Moldovan authorities' interest in her. *See Parussimova v. Mukasey*, 555 F.3d 734, 741-42 (9th Cir. 2009); *Dinu v. Ashcroft*, 372 F.3d 1041, 1044 (9th Cir. 2004). We affirm the BIA's determination that Danilova was not eligible for asylum or withholding because she did not show a sufficient nexus between her mistreatment and a protected ground such as political opinions allegedly imputed to her.

Second, Danilova's evidence is also not sufficient to compel the conclusion that it is "more likely than not" that she would be tortured upon her return to Moldova. *Kamalthas v. I.N.S.*, 251 F.3d 1279, 1284 (9th Cir. 2001) (quoting 8 C.F.R. § 208.16(c)(2)). The BIA expressly evaluated what would be necessary for such torture to occur. Danilova's theory of torture relied on speculation that the Moldovan authorities might remain interested in Danilova, that she might be arrested upon her return, that a police officer might seek to mistreat her, despite laws against such mistreatment, and that the level of mistreatment might rise to the level of torture. The BIA further explained that Danilova had not demonstrated that the past incident of physical abuse of her was more than an isolated case of mistreatment by a rogue officer. The BIA's conclusion that Danilova did not show that it was more likely than not that she would face torture upon return to Moldova was supported by substantial evidence.

**PETITION FOR REVIEW DENIED.**

-3-