NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHUN FENG,

                Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

                Respondent.

No.   15-70479

Agency No. A205-565-850

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2019[**]
San Francisco, California

Before: McKEOWN and GOULD, Circuit Judges, and BASTIAN,[***] District Judge.

Chun Feng, a native and citizen of the People's Republic of China, petitions

for review of the Board of Immigration Appeals' ("BIA") decision affirming the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stanley Allen Bastian, United States District Judge for the Eastern District of Washington, sitting by designation.

Immigration Judge's ("IJ") denial, based on an adverse credibility finding, of claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we review the agency's determination for substantial evidence. *See Shrestha v. Holder*, 590 F.3d 1034, 1039, 1041, 1048 (9th Cir. 2010). We assume the parties' familiarity with the facts and do not recite them here. We deny the petition.

1. The BIA affirmed the IJ's adverse credibility finding based on Feng's inconsistent statements and misrepresentations in her visa application. Substantial evidence supports the BIA's determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014). Feng made numerous inconsistent statements in her testimony before the IJ. Most notably, she initially stated that she came to the United States to flee persecution in China, but she later admitted that she came to the United States to visit her son. This inconsistency was deepened by Feng's vacillating statements on when she learned about the availability of asylum—first stating that she had heard about it in China, but later stating that she learned about asylum when she read about it in a newspaper while in the United States. Feng also misrepresented her position and salary on her visa application in hopes of increasing her odds of obtaining a visa, which the IJ noted showed a propensity for dishonesty. And Feng did not list any employment between 1988 and 2006 on her visa application, which contradicted her testimony

2

that she was forced to have an abortion after her pregnancy was discovered as part of an annual screening conducted by her employer in 2003.

In the absence of credible testimony from Feng, the IJ and BIA reasonably determined that the remaining evidence did not establish her eligibility for relief. Feng provided certificates showing that she had an abortion in 2003 and that she had an IUD placed about a month later. But there was no evidence—other than Feng's properly discounted testimony—that the procedures shown by these documents were involuntary.

2.     The BIA also properly concluded that because Feng had failed to meet her burden of proof for asylum, she necessarily failed to meet her burden for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

3.     To establish eligibility for CAT protection, Feng must show that "it is more likely than not that [she] would be tortured" by, or with the acquiescence of, government officials acting in an official capacity. 8 C.F.R. § 1208.16(c)(2); *see also Lanza v. Ashcroft*, 389 F.3d 917, 936 (9th Cir. 2004). An IJ must consider "all evidence relevant to the possibility of future torture," 8 C.F.R. § 208.16(c)(3), "even apart from any prior findings in the asylum context." *Kamalathas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001). However, the IJ may properly deny a CAT claim where the claim is based on the same statements that the IJ found not

3

credible and where the petitioner does not point to any other information that the agency should have considered. *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

The IJ's denial of relief under the CAT is supported by substantial evidence. Feng's CAT claim was based on the same statements that the IJ had found not credible. Her documentary evidence was insufficient to establish a probability of torture for the same reason that it did not independently establish an asylum claim. Feng has pointed to no other evidence that the IJ or BIA should have considered in evaluating her CAT claim.

**PETITION DENIED.**