NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VLADIMIR CORSAC; LILIA CORSAC, | No. 17-72565 |
| Petitioners, | Agency Nos. A206-354-383 |
| v. | A206-354-382 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 11, 2019
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and HARPOOL,** District
Judge.

An immigration judge ("IJ") ordered Vladimir Corsac and his wife, natives of

Ukraine and citizens of Moldova, removed and denied Corsac's application for

asylum, withholding of removal, and protection under the Convention Against

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable M. Douglas Harpool, United States District Judge for
the Western District of Missouri, sitting by designation.

Torture ("CAT"). After the Board of Immigration Appeals ("BIA") dismissed the petitioners' appeal, they filed this petition for review.

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the factual findings underlying the agency's denial of Corsac's application for asylum, withholding of removal, and CAT relief, *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013), and we review his due process claim de novo, *Lopez-Umanzor v. Gonzales*, 405 F.3d 1049, 1053 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the BIA's determination that Corsac did not suffer past persecution. *See Madrigal*, 716 F.3d at 503–04. Contrary to Corsac's contention, the single incident at the 2009 political protest coupled with his treatment at a public clinic, at his job, and by an airline representative do not compel the conclusion that he suffered past persecution on account of his political opinion, nationality, or social group membership. *See Wakkary v. Holder*, 558 F.3d 1049, 1059 (9th Cir. 2009) ("Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks and citation omitted)); *see, e.g.*, *Nagoulko v. INS*, 333 F.3d 1012, 1016–18 (9th Cir. 2003) (evidence of employment and educational discrimination, beating of fellow Christians, and death threats did not compel a finding of past persecution). And, the

BIA's decision in full makes clear that it applied the correct standards of review. *See Vitug v. Holder*, 723 F.3d 1056, 1063 (9th Cir. 2013).

Substantial evidence also supports the BIA's determination that Corsac failed to establish a well-founded fear of future persecution under the pattern or practice or disfavored group analysis. *See Wakkary*, 558 F.3d at 1062 (evidence of widespread discrimination rather than persecution not enough to carry applicant's burden under pattern or practice analysis); *Sael v. Ashcroft*, 386 F.3d 922, 925 (9th Cir. 2004) (disfavored group analysis requires relative showing of individualized risk).

Because substantial evidence supports the denial of asylum, Corsac "necessarily fails to satisfy the more stringent standard for withholding of removal." *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004). Corsac's evidence likewise is insufficient to compel the conclusion that it is "more likely than not" that he would be tortured if returned to Moldova. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001).

Finally, the IJ's denial of Corsac's motion to have an expert witness testify telephonically during his hearing did not violate his right to due process. Although an IJ's denial of a request to hear witness testimony may result in a due process violation in some circumstances, *see Lopez-Umanzor*, 405 F.3d at 1056, no such violation occurred here. Corsac submitted two written statements by the expert in question, and the agency considered those written statements. Because Corsac has

17-72565

not identified any information about which the expert would have testified that was not already contained in his written statements, he, at a minimum, has not shown the requisite prejudice. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**