**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDWARD ELENILSON MARROQUIN-
SANCHEZ,

              Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

              Respondent.

No.    16-72443

Agency No. A205-989-919

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2022[**]
Pasadena, California

Before:  MURGUIA, Chief Judge, and GRABER and BEA, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge BEA.

      Petitioner Edward Marroquin-Sanchez, a native and citizen of El Salvador,

seeks review of the order of the Board of Immigration Appeals ("BIA") that denied

---

      [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence and legal conclusions de novo. Shrestha v. Holder, 590 F.3d 1034, 1039, 1048 (9th Cir. 2010). We deny the petition in part and grant and remand in part.

1. The BIA relied solely on the immigration judge's ("IJ") adverse credibility finding to reject Petitioner's claims for asylum and withholding. To sustain the IJ's finding the BIA relied on four inconsistencies.

(a) As to whether Petitioner lived on San Barolome or Santa Tecla immediately before traveling to the United States, the IJ incorrectly found that Petitioner failed to provide an explanation, when in fact he provided a facially plausible explanation.

(b) As to whether Petitioner lived at one or two addresses, the BIA erred in relying on this inconsistency because the IJ did not do so. See Zumel v. Lynch, 803 F.3d 463, 475 (9th Cir. 2015) ("[T]he BIA may not make its own findings or 'rely on its own interpretation of the facts.'" (citation omitted)).

(c) Petitioner testified that he moved to Santa Tecla in late 2010 or early 2011 and experienced a period of calm there for about a year. In context, whether Petitioner moved from San Bartolome to Santa Tecla in November 2010 or

2

February 2011 is a trivial difference that does not support an adverse credibility finding. See Bandari v. I.N.S., 227 F.3d 1160, 1166 (9th Cir. 2000) ("Any alleged inconsistencies in dates that reveal nothing about a petitioner's credibility cannot form the basis of an adverse credibility finding.").

(d) That recitation leaves only the question whether members of the MS-13 gang threatened Petitioner in February or March of 2012, an event to which Petitioner testified but which he did not report in his credible fear interview. In reviewing an adverse credibility finding, we look to the totality of the circumstances. Alam v. Garland, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc). "In Alam, we declined to draw a bright line or engage in a number-counting analysis, instead noting that no specific number of inconsistencies requires sustaining or rejecting an adverse credibility determination." Kumar v. Garland, 18 F.4th 1148, 1155 (9th Cir. 2021). In Kumar, as here, the BIA identified four factors underlying an adverse credibility finding, 18 F.4th at 1153, and we concluded that most of those factors were not supported by the record, Id. Accordingly, we remanded to the BIA to decide in the first instance whether the remaining factors supported the adverse credibility finding. Id. at 1156. We follow the same path here.

2.  The BIA relied in part on the adverse credibility determination in concluding that Petitioner did not establish CAT eligibility.  Because the BIA did not determine whether Marroquin-Sanchez's CAT claim would fail even if the adverse credibility determination could not be sustained, we also remand the CAT claim.  See Yan Xia Zhu v. Mukasey, 537 F.3d 1034, 1046 n.5 (9th Cir. 2008) (remanding CAT claim where adverse credibility determination could not be sustained and the BIA never determined whether, "if petitioner were believed, [he] has presented . . . sufficient evidence to support a grant of . . . CAT relief").

3.  We reject Petitioner's due process claim.  He has not shown that his proceedings were "so fundamentally unfair that [he] was prevented from reasonably presenting his case."  Colmenar v. I.N.S., 210 F.3d 967, 971 (9th Cir. 2000) (quoting Platero–Cortez v. I.N.S., 804 F.2d 1127, 1132 (9th Cir. 1986)).

**Petition DENIED in part, GRANTED and REMANDED in part.  Each party shall bear its own costs.**

4



Bea, J., concurring in part and dissenting in part:

I agree with my colleagues in full as to Petitioner's due process claim, which I would reject for the reasons given in the memorandum disposition. As to Petitioner's asylum and withholding claims, I agree with much of my colleagues' analysis but not with their conclusion. And conversely, as to Petitioner's CAT claim, I agree with my colleagues' conclusion but not with their analysis.

As to Petitioner's asylum and withholding claims, I agree with my colleagues' assessment of the first, second, and fourth inconsistencies in Petitioner's evidence. As to the third inconsistency (which concerns when Petitioner moved within El Salvador from San Bartolome Santa Tecla to avoid threats from the gangs), I agree that "minor inconsistencies regarding non-material and trivial details . . . cannot form the exclusive basis for an adverse credibility determination." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). But "[m]indful of the legitimate impact that even minor inconsistencies may have on credibility," *Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010), we should not ignore that inconsistency entirely when evaluating the BIA's adverse credibility finding. We must consider the "'the totality of the circumstances' and 'all relevant factors.'" *Huang v. Holder*, 744 F.3d 1149, 1152–53 (9th Cir. 2014) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

And as for how to resolve the asylum and withholding claims, I would hold that notwithstanding the BIA's errors, substantial evidence supports the BIA's adverse credibility determination and that remand is unnecessary. In my view, the third and the fourth inconsistency in Petitioner's evidence, when considered together, provide substantial evidence in support of the BIA's adverse credibility finding. The fourth inconsistency concerns an event pivotal to Petitioner's claims: whether gang members threatened his life in February 2012 or whether he received no threats from gang members between 2010 and 2013. "[W]hen an inconsistency is at the heart of the claim it doubtless is of great weight." *Shrestha*, 590 F.3d at 1047. Indeed, we have previously held that substantial evidence supports an adverse credibility finding that, like the BIA's here, was based on a petitioner's omission of a single "crucial" event from their testimony. *See Kin v. Holder*, 595 F.3d 1050, 1057 (9th Cir. 2010).

As to Petitioner's CAT claim, I agree that we must grant the petition but for reasons different than the majority gives. "We do not permit an IJ to use 'a negative credibility determination in the asylum context to wash over the CAT claim, especially when the prior adverse credibility determination is not necessarily significant' to the torture claim." *Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015) (quoting *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001)), overruled on other grounds by *Alam v. Garland*, 11 F.4th 1133 (9th Cir. 2021). However, the

agency may deny CAT relief based on an adverse credibility determination developed in the asylum context if "a petitioner's 'claims under the [CAT] are based on the same statements . . . that the BIA determined to be not credible' in the asylum context." *Id.* (quoting *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003)). Here, the inconsistences in Petitioner's testimony were unrelated to his CAT claim. And as I read the BIA's decision, it considered the adverse credibility determination sufficient reason "not [to] reach the merits" of Petitioner's CAT claim, and the BIA thus erroneously allowed that adverse credibility determination to wash over the CAT claim.