MEMORANDUM **
Martha Lucia Aguirre-Hernandez, a native and citizen of Colombia, petitions for review of the Board of Immigration Appeals’ denial of her applications for asylum, withholding of removal, and relief under *572 the Convention Against Torture. We deny her petition.
The BIA’s determination that an alien is not eligible for asylum must be upheld if “ ‘supported by reasonable, substantial, and probative evidence on the record considered as a whole.’ ” INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992). “It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed.” Id. When an alien seeks to overturn the BIA’s adverse determination, “he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.” Id. at 483-84, 112 S.Ct. at 817; see also Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995) (same). Where an asylum claim is involved, an alien must show either past persecution or a well-founded fear of future persecution that is “both subjectively genuine and objectively reasonable.” Fisher v. INS, 79 F.3d 955, 960 (9th Cir.1996) (en banc). And either must be on account of a protected ground. Id.
Here, Aguirre’s claim fails. Because the BIA affirmed without opinion under 8 C.F.R. § 1003.1(e)(4), the Immigration Judge’s decision was the final agency action, and the IJ determined that Aguirre was not persecuted on account of a political opinion or on account of her social group, and had no well-founded fear that she would be. That determination is supported by substantial evidence that she had not been persecuted at all,[1] and if she had been (or would be), the acts of the wrongdoers amounted to no more than purely economic extortion.[2]
We must, therefore, uphold the denial of asylum relief.[3] Moreover, there is no evidence in the record that would compel a determination that Aguirre is more likely than not to be tortured in Colombia. Thus, the Convention Against Torture[4] provides her no relief. See Farah v. Ashcroft, 348 F.3d 1153, 1157 (9th Cir.2003); Kamalthas v. INS, 251 F.3d 1279, 1283 (9th Cir.2001); cf. Nuru v. Gonzales, 404 F.3d 1207, 1224 (9th Cir.2005) (noting that “torture is more severe than persecution”).
Petition DENIED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. See Gormley v. Ashcroft, 364 F.3d 1172, 1177 (9th Cir.2004); Singh v. INS, 134 F.3d 962, 967 (9th Cir.1998).

. See Ochoa v. Gonzales, 406 F.3d 1166, 1171 (9th Cir.2005) (business people not a social class); Gormley, 364 F.3d at 1177-78 (economics alone); cf. Borja v. INS, 175 F.3d 732, 736 (9th Cir.1999) (en banc) (some political motivation shown).

. Because Aguirre did not meet the eligibility requirements for asylum, she was not entitled to withholding of removal under 8 U.S.C. § 1231(b)(3) either. See Ghaly, 58 F.3d at 1429.

. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, adopted Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85.