**Idris OYEDELE–BANDA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–71860.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Telephonically Jan. 16, 2007.

Filed March 1, 2007.

Idris Oyedele–Banda, San Diego, CA, pro se.

Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Luis E. Perez, Laura Sigman, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FISHER and CALLAHAN, Circuit Judges and COLLINS *, District Judge.

* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

## MEMORANDUM **

Idris Oyedele–Banda petitions for review of an order of the Board of Immigration Appeals, which affirmed an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal and protection under the Convention Against Torture. The IJ denied Oyedele–Banda's applications because he found him not credible. Reviewing for substantial evidence, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002), we deny the petition.

■ Substantial evidence supports the IJ's findings that petitioner testified inconsistently regarding his parents' death and that petitioner was dishonest in attempting to gain entry to the United States. *See Kaur v. Ashcroft*, 379 F.3d 876, 889 (9th Cir.2004) (holding that false statements to gain admission to the United States are considered "in light of all the circumstances of the case"). We also accord deference to the IJ's finding that petitioner's account of his voyage to the United States was implausible as were other elements of his testimony. *See Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir.2005) (holding that an IJ is permitted to "exercise common sense" in evaluating the plausibility of a petitioner's testimony). Finally, we find support in the record for the IJ's finding that petitioner was evasive in answering questions at the hearing. The IJ properly concluded that these and other problems in petitioner's testimony cumulatively supported an adverse credibility finding on issues that go to the heart of petitioner's claim. *See Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir.2005). The IJ thus properly denied petitioner's asylum petition and his petition for withholding of removal.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ We similarly hold that the IJ's adverse credibility finding with regard to petitioner's claim under the Convention Against Torture was supported by substantial evidence. The IJ considered all of the relevant factors and his credibility finding defeats petitioner's claim that "he ... would be in danger of being subject to torture" in Sierra Leone. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001) (citation omitted). Petitioner's torture convention claim therefore fails.

**PETITION DENIED.**