**Jose David RUBIANO PERDOMO; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74346.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 18, 2007.

Jose David Rubiano Perdomo, Chino, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Angela N. Liang, Trial Attorney, U.S. Department of Justice, Civil Division Office of Immigration Litigation, Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, CLIFTON, and BEA, Circuit Judges.

### MEMORANDUM **

Jose David Rubiano Perdomo, his wife Hilda Beatriz Buitrago Avila, and their son Jose David Rubiano Buitrago, natives and citizens of Colombia, petition for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), we deny the petition.

Even assuming Perdomo was credible, substantial evidence supports the IJ's and BIA's determination that he failed to present sufficient evidence to establish past persecution or a well-founded fear of future persecution on account of a protected ground. *See INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Perdomo's reliance on prior threats from the guerrillas over the telephone as evidence of past persecution is unavailing. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (holding that threats standing alone generally do not constitute past persecution).

Additionally, Perdomo did not establish that the guerrillas, who attempted to extort money from him, were motivated by Perdomo's political opinion rather than their own economic goals. *See Sangha v. INS*, 103 F.3d 1482, 1486 (9th Cir.1997). Because the evidence does not compel the conclusion that the extortion was motivated, even in part, on account of a protected ground, substantial evidence supports the denial of asylum. *See Elias–Zacarias*, 502 U.S. at 482, 112 S.Ct. 812.

Because Perdomo failed to establish eligibility for asylum, it follows that he failed to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

Perdomo is not entitled to relief under the Convention Against Torture because he did not demonstrate that it was more likely than not that he would be tortured if returned to Colombia. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

