**Rashpal KAUR, Petitioner,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

No. 04–72339.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 18, 2007.\*\*

Filed Oct. 22, 2007.

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Marion E. Guyton, Esq., DOJ–U.S. Department of Justice, Civil, Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN and TALLMAN, Circuit Judges, and DUFFY ***, Senior Judge.

## MEMORANDUM ****

■ 1. Substantial evidence supports the IJ's determination that Rashpal Kaur has not demonstrated entitlement to asylum, withholding from removal, and protection under CAT. *See Prasad v. INS*, 47 F.3d 336, 339 (9th Cir.1995) (reasoning that persecution must be more than threats and restrictions to liberty, and finding no persecution where petitioner, who testified credibly, was placed in a jail cell, questioned about his political affiliations, hit and kicked, and released after four to six hours). Kaur was arrested twice for a total of three days and two or three hours after a mass killing, interrogated, slapped twice, and struck, which caused minor bruising. There is no support that these arrests occurred on account of an imputed political opinion. *Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000). Police questioned her to solicit eyewitness testimony that two other individuals were terrorists who had caused the

violence. *Blanco–Lopez v. INS*, 858 F.2d 531, 533 (9th Cir.1988) (reasoning that governments may legitimately detain and question individuals in the course of criminal investigations).

Similarly, Kaur made no showing that her belief was objectively reasonable that she would be persecuted if she returned to India. *Cordon–Garcia*, 204 F.3d 985, 990 (9th Cir.2000) (requiring "credible, direct, and specific evidence" to satisfy the objective prong of a claim for future persecution). Because Kaur is unable to establish the lower evidentiary threshold of entitlement to asylum, she necessarily is ineligible for withholding from removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir.2006). Kaur cannot sustain her burden under CAT to prove that, if she were removed, she would more likely than not be tortured. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

■ 2. The IJ did not err when he declined to consider documents that Kaur submitted after the filing deadline prescribed by the Immigration Court's local operating procedures. *See* 8 C.F.R. § 1003 (granting authority to create rules to ensure the efficient administration of justice). "If a . . . document is not filed within the time set by the Immigration Judge, the opportunity to file that . . . document shall be deemed waived." 8 C.F.R. § 1003.31(c). Kaur's attorney cited only inattention to detail for failing to timely submit additional documents, and the exclusion of her untimely documents was not "so fundamentally unfair that the [she] was prevented from reasonably presenting his case" so as to establish a due

*** The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

process violation. *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (citation omitted).

**PETITION FOR REVIEW DENIED.**