**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSANA YAMILETH ALFARO CABRERA, | No.    16-70835 |
| Petitioner, | Agency No. A206-675-693 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 12, 2018
Seattle, Washington

Before:  N.R. SMITH and CHRISTEN, Circuit Judges, and PAYNE,[**] District Judge.

Petitioner Susana Yamileth Alfaro Cabrera (Alfaro) petitions for review of

the Board of Immigration Appeals's (BIA) denial of her applications for asylum,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Robert E. Payne, United States District Judge for the Eastern District of Virginia, sitting by designation.

withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, and we review the agency's factual findings for substantial evidence. *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). We grant the petition in part and remand to the BIA for further proceedings.

1.　　Asylum. To establish past persecution, an applicant must show that a protected ground was "at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). The record compels the conclusion that Alfaro established the requisite nexus between the harm she suffered and a protected ground. Alfaro's religion and her membership in the social group comprised of her family were both central reasons for the harm Alfaro suffered in El Salvador.[1] Alfaro and her family were leaders of the evangelical church "Warriors of Christ," which they ran out of the front room of their family home. The church led a youth outreach program that helped young people seek refuge and rehabilitation from gangs. Alfaro's family received death threats from MS-13 because of the church's

---

[1]　　In Alfaro's Pre-Hearing Statement submitted to the Immigration Judge (IJ), Alfaro presented her political opinion and religious beliefs as "entwined." Because we conclude that there was a nexus between the harm suffered and her religion and her membership in a social group, we need not reach Alfaro's additional arguments for finding persecution on account of a protected ground.

2

work rehabilitating gang members. After Alfaro and her family helped her nephew Douglas escape the gangs, gang members called and issued death threats, and then Douglas was murdered during church services. Shortly thereafter Alfaro's brother-in-law, a church pastor who led the youth outreach program, was murdered and found with signs of torture—his eyes were gouged out and he was missing an ear. The gang continued to threaten and intimidate Alfaro's family, frequently attempting to break into the church on Sundays and forcing Alfaro's family to flee through a passageway to the neighbor's home.

Substantial evidence does not support the BIA's conclusion that Alfaro failed to establish the requisite nexus to the harm she suffered, as substantial evidence does not support the BIA's theory that the gang members may have been "motivated by a personal vendetta." The gang's anger at the Warrior of Christ's efforts to diminish the gang's ranks cannot be divorced from the church's and family's beliefs, mission, and outreach. There is no evidence in the record for a retributory motive that is not connected to the church's and family's anti-gang actions. Because the record compels the conclusion that Alfaro showed a

sufficient nexus to a statutorily-protected ground, on remand we direct the BIA to determine whether the harm Alfaro suffered constitutes past persecution.[2]

If Alfaro establishes past persecution, she will be entitled to a presumption of well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1). The BIA must then determine whether the government presented sufficient evidence to rebut the presumption. *Id.*; *see also Silaya v. Mukasey*, 524 F.3d 1066, 1072 (9th Cir. 2008). Even if the BIA determines that the harm Alfaro suffered did not rise to the level of persecution, it must still consider whether she is likely to suffer future mistreatment at the hands of MS-13 severe enough to give rise to an asylum claim in light of the established nexus to a protected ground. Additionally, if the BIA determines that Alfaro established past persecution, the BIA should address whether Alfaro should be granted humanitarian asylum. 8 C.F.R. § 11208.13(b)(1)(iii).

We grant the petition as to the asylum and humanitarian relief claims, and remand for reconsideration.

2.    <u>Withholding of Removal.</u>  The BIA erred as a matter of law in denying Alfaro's claim for withholding of removal. To qualify, an applicant must

---

[2]    Although the BIA referred to the gang violence Alfaro suffered as "persecution," the BIA did not explicitly conclude that the harm Alfaro suffered rose to the level of persecution.

show that it is more likely than not that she would be subject to future persecution if she was returned to her homeland, and that "a reason" for the persecution would be due to a protected ground. 8 U.S.C. § 1231(b)(3)(C); *see* 8 C.F.R. § 1208.16(b). In *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017), this Court clarified that the nexus requirement for withholding of removal is a "less demanding standard" than that for asylum because "the withholding statute just says 'a' reason, not 'at least one central reason.'" *Id.* at 358–59. Accordingly, the proper legal standard in withholding claims is "a reason," and the BIA and IJ erred in applying the "one central reason" standard to Alfaro's claim for withholding of removal. We grant the petition as to the withholding of removal claim and remand in order to permit the agency to apply the proper standard as articulated in *Barajas-Romero*, a decision that was issued after the BIA reached its decision in this case.

3.   Convention Against Torture (CAT).   "To demonstrate eligibility for withholding of removal under the CAT, an alien must show that it is 'more likely than not' that a government official or person acting in an official capacity would torture him or aid or acquiesce in his torture by others." *Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009) (quoting *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001)). Substantial evidence supports the BIA's determination that

Alfaro did not establish that it was more likely than not that a public official would acquiesce in Alfaro's torture.  We deny the petition as to the CAT claim.

4.     Due Process.  Substantial evidence supports the BIA's determination that the there was no due process violation. We deny the petition as to the due process violation.

**Petition GRANTED and REMANDED in part, DENIED in part.**

The parties shall bear their own costs on appeal.