NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SANJAYKUMAR PRAHLADBHAI PATEL,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.  19-72048

Agency No. A215-823-741

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2020[**]
Portland, Oregon

Before:  PAEZ and RAWLINSON, Circuit Judges, and ANTOON,[***] District Judge.

Sanjaykumar Prahladbhai Patel ("Patel"), a native and citizen of India,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

petitions for review of the Board of Immigration Appeals ("BIA") decision affirming an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence. *Sinha v. Holder*, 564 F.3d 1015, 1020 (9th Cir. 2009). Substantial evidence review means that we must uphold a factual finding if it is "supported by reasonable, substantial, and probative evidence in the record." *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003).

At his hearing, Patel testified to two incidents of persecution that he experienced at the hands of members of the Bharatiya Janata Party. The IJ, however, found that he did not testify credibly and thus could not meet his burden of proof for obtaining asylum and withholding of removal. The IJ also found that Patel did not meet his burden of proof for obtaining CAT protection. Because these findings are supported by substantial evidence, we deny Patel's petition for review.

**1.** Patel applied for asylum after May 11, 2005, and therefore the REAL ID Act's standards regarding adverse credibility findings guide our review. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).

Specific and cogent reasons support the agency's credibility determination.

First, there were inconsistencies between Patel's testimony and the Non-Immigrant Visa ("NIV") applications that he had previously submitted to the United States Department of State. The inconsistencies center on the nature and scope of his employment in India. At the hearing, Patel testified that he worked as a farmer in India, but in his NIV applications he stated that he was the sole owner of a business and, at other times, he was employed by a different employer. When confronted with these inconsistencies, Patel explained that he must have made a mistake and that he was not lying. Second, the IJ found that when Patel attempted to explain the inconsistent information on the NIV applications, he was evasive and sought to shift the blame to his father and the agent who completed the applications. On review, the BIA concluded that Patel's evasive answers undermined his credibility. These specific, cogent inconsistencies between his oral testimony and prior NIV applications were sufficient to discredit Patel. *See Rizk v. Holder*, 629 F.3d 1083, 1088-89 (9th Cir. 2011) ("[W]e must uphold the IJ's adverse credibility determination so long as even one basis is supported by substantial evidence . . . ."). The record evidence does not compel a contrary conclusion. *See Parada v. Sessions*, 902 F.3d 901, 908-09 (9th Cir. 2018).

**2.** Patel also cannot succeed on his CAT claim. Patel argues that we should reverse the agency's denial of CAT relief because the BIA relied only on the adverse credibility finding and ignored his potential for future torture. Although

the adverse credibility determination does not foreclose Patel's CAT claim, *Kamalthas v. I.N.S.*, 251 F.3d 1279, 1284 (9th Cir. 2001), he did not present sufficient evidence to compel reversal of the agency's torture-related findings.

Both the IJ and BIA considered the country condition information that Patel submitted to support his assertion that he would be tortured if he returned to India. In rejecting Patel's CAT claim, the IJ noted that he had reviewed the record and there was not "sufficient credible evidence to establish that [Patel would] be specifically targeted for torture in the future." On appeal, the BIA concluded that Patel "did not present credible evidence that he was tortured in India" and "agree[d] that he has not met his burden to show that it is more likely than not that he would be tortured there by, or with the consent or acquiescence . . . of, a public official or an individual acting in an official capacity" in the future. Patel has not identified anything in the record that calls into question the IJ's and BIA's analysis of the record. We therefore conclude that substantial evidence supports the agency's denial of CAT relief.

**DENIED**.

4