NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Mario A. Recinos<br>                    Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>                    Respondent. | No.    23-81<br><br>Agency No. A094-461-190<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted on February 14, 2024[**]
Pasadena, California

Before:  TALLMAN, CALLAHAN, Circuit Judges, and LASNIK,[***] District Judge.

Mario Recinos, a native and citizen of El Salvador, seeks review of the Board

of Immigration Appeals' decision to dismiss his appeal from the Immigration

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Judge's order denying his application for withholding of removal and relief under Article III of the United Nations Convention Against Torture ("CAT"). On appeal, Recinos argues that he is entitled to relief based on a single incident in 1998 where the Mara Salvatrucha ("M.S.") gang tried to recruit him, and when he refused, members of the gang "beat" his friend—whose name Recinos cannot remember—to "send him a message." Recinos offers no additional incidents of harm, and otherwise argues that prevalent gang violence in El Salvador entitles him to relief. Because we write primarily for the parties who are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the Board's determination that a petitioner failed to establish eligibility for withholding of removal or protection under the CAT for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060, 1066–67 (9th Cir. 2021). Under that standard, "we uphold the agency's determinations unless, based on the evidence, 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Hermosillo v. Garland*, 80 F.4th 1127, 1131 (9th Cir. 2023) (quoting *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014)).

The 1998 incident cannot support a finding of past or future persecution for several reasons. First, isolated incidents that do not cause "significant physical harm" to the petitioner, as is the case here, will often fail to rise to the level of

2

persecution. *See e.g.*, *Sharma*, 9 F.4th at 1061–62 (collecting cases). Second, even if we were to consider the harm to Recinos's friend as evidence of persecution, he fails to establish that the harm was part of "a pattern of persecution closely tied to" him. *Sharma*, 9 F.4th at 1062 (quoting *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009)). Third, to the extent Recinos claims the threats by the M.S. gang entitles him to relief, "threats, without more, do not necessarily compel a finding of past persecution." *Id.* at 1062 (quoting *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021)). Fourth, Recinos admits he has never been physically harmed or approached by anyone from the M.S. gang since 1998, even though he lived in El Salvador for two years after the incident. Thus, any fear of returning to El Salvador is unreasonable and fails to establish a "clear probability" of future persecution. *Sharma*, 9 F.4th at 1066. Substantial evidence supports the Board's decision to deny Recinos's application for withholding of removal.

Recinos alleges that widespread government corruption and high crime rates qualify him for protection under CAT. We disagree. To qualify for protection under the CAT, an applicant "must show that it is 'more likely than not' that a government official or person acting in an official capacity would torture him or aid or acquiesce in his torture by others." *Wakkary*, 558 F.3d at 1067–68 (quoting *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001)). Our case law is clear on two points: first, absent a showing that the petitioner has "reason to think that he is

3

likely to be tortured by the actors he fears," general allegations of torture occurring in the country of deportation are insufficient for relief, *Wakkary*, 558 F.3d at 1068; second, a government's failed efforts to control gang-related crime do not constitute acquiescence as required by the CAT. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). Recinos's allegations do not qualify him for protection, and based on the scant evidence on the record, we are not compelled to reach a different conclusion than the Board's.

**PETITION DENIED.**