**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 25 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MILDRED ANALY MONZON
CARRILLO DE CRUZ; I. L. C.-M.; J. A.
C.-M.,

No. 25-6384

Agency Nos.
A241-494-590
A241-494-591
A241-494-592

        Petitioners,

  v.

MEMORANDUM[*]

TODD BLANCHE, Acting Attorney
General,

        Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2026[**]
Seattle, Washington

Before: W. FLETCHER and M. SMITH, Circuit Judges, and HINDERAKER,
District Judge.[***]

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]   The Honorable John Charles Hinderaker, United States District Judge
for the District of Arizona, sitting by designation.

Mildred Monzon Carrillo De Cruz and her two rider children, citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an Immigration Judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. "We review only the BIA's opinion, except to the extent that it expressly adopted portions of the IJ's decision." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (citation omitted). We review factual findings for substantial evidence, *Zhang v. Gonzales*, 408 F.3d 1239, 1244 (9th Cir. 2005), and questions of law de novo, *Singh v. Garland*, 57 F.4th 643, 651 (9th Cir. 2023), *abrogated on other grounds by Urias-Orellana v. Bondi*, 146 S. Ct. 845, 851 (2026). We deny the petition for review.[1]

1. Substantial evidence supports the BIA's denial of asylum and withholding of removal because Petitioners' receipt of two vague and anonymous threats without confrontation or other mistreatment is insufficient to establish past persecution.[2]

---

[1] Petitioners' opposed motion to stay removal is also DENIED. *See Nken v. Holder*, 556 U.S. 418, 434 (2009); *Leiva-Perez v. Holder*, 640 F.3d 962, 964–65 (9th Cir. 2011). The temporary stay of removal entered pursuant to General Order 6.4(c) is lifted, effective immediately.

[2] Panels in the Ninth Circuit have reviewed past persecution findings de novo or for substantial evidence. *See Singh*, 57 F.4th at 651–52 (compiling cases). Because caselaw supports the proposition that threats alone generally are not enough to establish past persecution, the BIA did not err under either standard. *Villegas*

*See Sharma v. Garland*, 9 F.4th 1052, 1064 (9th Cir. 2021); *Flores Molina v. Garland*, 37 F.4th 626, 634 (9th Cir. 2022); *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (death threats "constitute persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm" (citation modified)). Because Petitioner failed to make a dedicated argument in her Opening Brief, she forfeited any argument pertaining to the BIA's finding of no objective well-founded fear of future persecution and the BIA's dispositive finding that relocation may be a safe and reasonable option for Petitioner and her children. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (as amended); Fed. R. App. P. 28(A)(8)(A); *see also Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 n.2 (9th Cir. 2019) (internal relocation dispositive of future persecution issue).

2. Substantial evidence supports the BIA's denial of CAT relief. Because Petitioners' past harm did not amount to persecution, that harm necessarily did not rise to the higher standard of torture. *See Sharma v. Garland*, 9 F.4th 1052, 1067 (9th Cir. 2021). Petitioners argue the BIA improperly disregarded country condition evidence, but the BIA expressly summarized this evidence earlier in its decision and found the evidence insufficient to carry the lesser burden of showing a well-founded

---

*Sanchez v. Garland*, 990 F.3d 1173, 179 (9th Cir. 2021); *Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir 2005).

fear of future persecution. *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005) (CAT's reach is narrower than asylum's "because the petitioner must show that it is 'more likely than not' that he or she will be tortured, and not simply persecuted upon removal to a given country" (quoting *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001))). Petitioners' country condition evidence reflects general risks to the population, including widespread gang violence and dangers for women; it does not compel the conclusion that Petitioners would experience a particularized risk of torture if returned to Guatemala. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 751 (9th Cir. 2022) (denying CAT relief where country condition evidence showed risk to general population, but not that Petitioner faced a "greater than-fifty-percent-chance of being tortured").

**PETITION DENIED.**